HELENE N. WHITE, Circuit Judge,
concurring.
Because I view the case somewhat differently than the majority, I write separately.
The record is devoid of attorney or party depositions or affidavits in support or defense of the motion for summary judgment; no one testified that after some negotiation, the parties agreed that Adell would pay $50,000 to settle Remark’s claim. The parties offered no evidence in support of their positions other than portions of the written correspondence of the attorneys. Thus, the evidence of negotiation and agreement must be found in this correspondence, and we cannot know whether the case was settled without examining the letters, emails and attachments. The majority opinion’s factual statement that after some negotiation the parties agreed to settle the matter for $50,000 is actually a legal conclusion, and answers the ultimate question presented.
The initial letter from CMI (Remark) to WADL (Adell), dated August 12, 2009, provides no evidence of agreement or settlement. The next document in the record is a December 11, 2009 email from WADL’s counsel, Robin Asher, to Larry Stein, CMI’s counsel. This email simply states: “Attached is a redline version of our proposed revisions to the settlement agreement between CMI Films and WADL. Please contact me to discuss at your convenience.” No redline version made its way into the record, however. We do not know what the original proposed agreement provided, only that the parties agree that it was drafted by CMI’s counsel in early December. Nor do we know what discussions or communication led to the drafting of that agreement, or what changes WADL proposed. Thus, as of December 11, we only know that WADL provided CMI with proposed revisions to an agreement the content of which is unknown.
On December 14, Stein responded to Asher that “We’ve reviewed your proposed revisions. Because we’d like to get this wrapped up, we will agree to all of your proposed changes. Please incorporate *286 them into a final version for execution. As a reminder, payment is due to CMI within 7 business days of execution. I will follow up with method and address, etc. Thank you.” Although the December 11 and 14 emails may indeed be evidence of an offer and acceptance, nothing can rest on this because the record provides no information regarding the terms offered or accepted. The emails tell us nothing about the proposed settlement, except that apparently it contemplated that WADL would pay some undisclosed sum to CMI. Thus, I cannot agree on this record that a breach of contract action can be maintained based on this first exchange of emails.
On December 17, Stein again emailed Asher asking: “When can we expect a copy of the agreement for our execution? Let’s get this fully resolved, with payment, before the Christmas holiday.” On December 22, Asher sent an email to Stein stating: “Attached is a Final Version of the CMI v. WADL Settlement Agreement. Please have your clients execute the Agreement and return two originals to me for execution by WADL. Once the Agreement has been fully executed, we will return one of the original fully executed Agreements and arrange for payment of the settlement.” Attached to the copy of the December 22 email that is part of the record is a copy of the only version of the Agreement in the record. This copy of the Agreement has been signed by CMI and Remark and dated December 22. Obviously, although the partially executed Agreement is attached to the copy of Ash-er’s December 22 email found in the record, it was not an attachment to that email when sent. The Agreement that was actually attached would have been blank. We can fairly assume, however, that a copy of that Agreement was executed later that same day by CMI and Remark.
The terms offered by WADL were in the Agreement attached to Asher’s December 22 email, and do not suggest that WADL’s agreement was contingent on its own execution. The Agreement contained all the essential terms and was signed immediately by CMI and Remark. This acceptance was communicated to WADL on January 5, well before WADL attempted to withdraw from the Agreement on January 17. I therefore concur.